FILED

2016 Aug-17  AM 08:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CENTRAL ALABAMA** | ) | |
| **DIAGNOSTICS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 2:15-cv-01840-KOB** |
| | ) | |
| **TOSHIBA AMERICA MEDICAL,** | ) | |
| **SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on "Toshiba America Medical Systems, Inc.'s Motion to Dismiss Rodney Fountain's Counterclaim Pursuant to Rule 12(b)(6)" (doc. 73) and the "Response of Rodney Fountain to Toshiba's Motion to Dismiss Counterclaim and, Alternatively, Motion to Amend Counterclaim" (doc. 75).

On July 8, 2016, Third-Party Defendant Rodney Fountain filed an Answer to Toshiba's Third-Party Complaint and asserted a Counterclaim against Toshiba. (Doc. 64). On July 29, 2016, Toshiba moved to dismiss Fountain's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 73). That same day, the court ordered Fountain to show cause in writing by August 12, 2016 why the court should not grant Toshiba's Motion and dismiss his counterclaim for failure to state a claim upon which relief could be granted. (Doc. 74). On August 12, 2016, Fountain responded in opposition to Toshiba's Motion to Dismiss and, alternatively, asked the court for leave to file an Amended Answer and Counterclaim. (Doc. 75).

1

For the reasons stated below, the court will GRANT Toshiba's Motion to Dismiss and will DENY without prejudice Fountain's Motion to Amend.

## I.       Motion to Dismiss

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). The United States Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and explaining its decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.* at 679.

Fountain's entire original Counterclaim consists of four conclusory sentences. Fountain does not allege any facts in support of his Counterclaim. Accordingly, the court finds that Fountain's Counterclaim does not "contain sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Therefore, the court will GRANT Toshiba's Motion to Dismiss Fountain's Counterclaim.

## II.      Motion to Amend

Federal Rule of Civil Procedure 15 provides that a party may amend his Complaint "once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." Fed. R. Civ.

P. 15(a)(1). In all other cases, a party must obtain leave of court to amend his Complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This "rule contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985).

Substantial reasons justifying the denial of leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his Response in Opposition to Toshiba's Motion to Dismiss, Fountain alternatively asks the court for leave to file an Amended Answer and Counterclaim. After reviewing Fountain's Proposed Amended Counterclaim, the court finds that it is still deficient. Although Fountain's newly proposed Counterclaim contains more facts, it still fails to set out Fountain's cause of action, specific facts to support a cause of action, and an alleged basis for relief. In his Counterclaim, Fountain appears to claim that Toshiba should indemnify him; however, Fountain fails to identify any basis for an indemnity claim or even from what he seeks to be indemnified. Accordingly, the court finds that the proposed Amendment to Fountain's Answer and Counterclaim would be futile. Therefore, the court will DENY without prejudice Fountain's Motion for Leave to Amend.

The court will enter a separate Order along with this Opinion.

DONE and ORDERED this 17th day of August, 2016.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE